IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. ~~2:25-cr-20261-SHL~~ |
| ) | |
| JONATHAN COLLINS, ) | 2:25-cr-20369-1 SHL |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the United States, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and ASHLEY N. F. MOORE, Assistant United States Attorney, and the defendant, JONATHAN COLLINS, represented by HOWARD MANIS, defense counsel.

1. JONATHAN COLLINS agrees that he will enter a voluntary plea of guilty to Count 1 of the Information, which charges the defendant as a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense carries a maximum statutory punishment of imprisonment for not more than fifteen (15) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. JONATHAN COLLINS agrees that he is entering a voluntary plea of guilty to Count 1, because he is, in fact, guilty of the offense charged.

2. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That the defendant is sentenced on the low end of the advisory guideline range;

   c. That following the said term of imprisonment, the defendant is placed on supervised release for a period of time determined by the Court;

   d. That the defendant is required to pay a fine if ordered by the Court; and,

   e. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

3. JONATHAN COLLINS understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement is not a basis for JONATHAN COLLINS to withdraw his guilty plea.

4. JONATHAN COLLINS hereby waives all rights to appeal his conviction or sentence, including those conferred by 18 U.S.C. § 3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. JONATHAN COLLINS further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the UNITED STATES appeals JONATHAN COLLINS' sentence pursuant to 18 U.S.C. § 3742(b), JONATHAN COLLINS is released from the above waiver of appellate rights. JONATHAN COLLINS acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. JONATHAN COLLINS further agrees, together with the UNITED STATES, to request that the district court enter a specific finding that JONATHAN COLLINS' waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

5. JONATHAN COLLINS also knowingly and voluntarily waives his right to challenge the conviction and the sentence imposed by the Court pursuant to 28 U.S.C. § 2255. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

6. JONATHAN COLLINS agrees that this plea agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats were made to induce him to plead guilty. By signing this document, JONATHAN COLLINS

acknowledges that he has read this agreement, has discussed the agreement with his attorney, and understands the agreement. JONATHAN COLLINS acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

_____  11·13·2025
ASHLEY N. F. MOORE             Date
Assistant United States Attorney

_____  11-13-25
HOWARD MANIS                   Date
Attorney for Defendant

_____  11-13-25
JONATHAN COLLINS               Date
Defendant

4